**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-00189-PAB-CBS

LORI L. PARK,

    Plaintiff,

v.

FISERV TRUST COMPANY,
FISERV ISS,
FISERV, INC.,
LINCOLN TRUST COMPANY,
TRUST INDUSTRIAL BANK HOLDINGS, INC.,
ROBERT BERIAULT HOLDINGS, INC.,

    Defendants.

---

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

---

Defendants Fiserv Trust Company ("FTC"), Fiserv ISS, Fiserv Inc., Lincoln Trust Company ("Lincoln"), Trust Industrial Bank Holdings, Inc. ("TIB"), and Robert Beriault Holdings, Inc. ("RBH"), by and through their counsel, hereby move pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss Plaintiff's Title VII 3rd Amended Complaint ("Complaint") and submit their combined brief in support thereof. In support of their motion, Defendants state as follows:

**D.C.COLO.L.CivR 7.1A**

Counsel for Defendants has not conferred with Plaintiff regarding this motion because it is a motion based on Fed. R. Civ. P. 12 and the deficiencies of the Complaint are not correctable by amendment.

## INTRODUCTION

Plaintiff has asserted ten claims for relief in a overly-long, meandering, repetitive, and sometimes nonsensical Complaint that is so full of minutia and obvious irrelevancies that it is difficult to determine just what forms the basis of its claims. The Court should dismiss the Complaint because it fails to comport with the requirements of Fed. R. Civ. P. 8. The contents and form of the Complaint fail to give Defendants fair notice of the claims being asserted against them. This is particularly aggravated by the fact that Plaintiff refers to the Defendants collectively throughout the Complaint as "Defendant's," and fails to distinguish between them in most of her allegations.

Plaintiff's Complaint also asserts federal claims for which she has failed to exhaust her administrative remedies. Plaintiff asserts four federal claims in her Complaint: First Claim For Relief ("Race/National Origin Discrimination"); Second Claim For Relief ("Sex Discrimination"); Third Claim For Relief ("Retaliation"); and Ninth Claim For Relief ("Americans With Disabilities Act"). With respect to all of the Defendants, Plaintiff has failed to exhaust her administrative remedies for her First, Second, and Ninth Claims For Relief. With respect to Defendants RBH and Lincoln, Plaintiff has failed to exhaust her administrative remedies as to all of her federal claims. These claims, therefore, must be dismissed.

Plaintiff has also sued entities in this lawsuit that are not real parties in interest. The current Lincoln entity was not even in existence at the time of the events addressed in the Complaint and Plaintiff has admitted that TD Ameritrade Online Holdings Corp. acquired all of the stock of FTC in February 2008 and is "the successor in interest of FTC and it is responsible for FTC's and FiservISS liabilities."

Plaintiff also fails to set forth sufficient allegations to state federal claims for relief that

are facially plausible. In particular, Plaintiff fails to sufficiently allege that an adverse employment action was taken against her based on her race, national origin, sex, or alleged disability. Nor does she sufficiently allege that an adverse employment action was taken against her for engaging in a protected activity. For these additional reasons, Plaintiff's claims should be dismissed.

Finally, because Plaintiff's federal claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over her remaining six state law claims: Fourth Claim For Relief ("Discriminatory or Unfair Employment Practice Under "CADA" Gender/Gender Plus"); Fifth Claim For Relief ("Promissory Estoppel & Breach of Contract"); Sixth Claim For Relief ("Negligence"); Seventh Claim For Relief ("Outrageous Conduct, Threats & Implied Threats"); Eighth Claim For Relief ("Intentional Infliction of Emotional Distress"); Tenth Claim For Relief ( "Fraud"). The Court has discretion to decline supplemental jurisdiction under these circumstances. Because this case is at its inception, the values of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction over Plaintiff's remaining state law claims.

For these reasons, Defendants respectfully request that the Court dismiss Plaintiff's claims in their entirety.

## ARGUMENT

### I. THE STANDARDS GOVERNING MOTIONS TO DISMISS.

In order to survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim for relief that is plausible on its face." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (*citing Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  Although a court assumes that all factual allegations are true for purposes of a motion to dismiss, this tenet is inapplicable to legal conclusions.  *Bixler*, 596 F.3d at 756.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S.Ct. at 1949.

A complaint must plead facts sufficient to "infer potential victory."  *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (*quoting Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  "If the allegations 'are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  *Peterson*, 594 F.3d at 727 (*quoting Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

## II. PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8, AND THEREFORE, SHOULD BE DISMISSED.

"Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."  *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (discussing Fed. R. Civ. P. 8).  As the court stated in *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir.1996), "[s]omething labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."  *Id*. at 1180 (cited by *Boatright*, 477 F.3d at 1148).

It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action.

*Schupper v. Edie*, 193 Fed. Appx. 744, 746, 2006 WL 2053769, *1 (10th Cir. July 25, 2006) (attached hereto as Ex. A). A district court may dismiss a complaint for failure to comply with Fed. R. Civ. P. 8(a). *Id.* at *1. The court's decision to dismiss a complaint under Rule 8(a) will be overturned "only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.*

Plaintiff has filed a 60 page Complaint with 176 numbered paragraphs (CM/ECF Doc. 29) and over 65 pages of attached exhibits. The Complaint is a morass of allegations which appear to include every perceived slight that Plaintiff experienced in the workplace. The level of detail, irrelevancies, and repetition make it impossible to understand which allegations are relevant to Plaintiff's claims. *See Boatright*, 477 F.3d at 1148 (complaint "unintelligible 'by scattering and concealing in a morass of irrelevancies the few allegations that matter.'") (*quoting United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

At times, Plaintiff's allegations are nonsensical. *See, e.g.*, CM/ECF Doc. 29, at 36-37 (tenants could be "badly burned" or "killed" because of "Eternick's <u>psychotic</u> and <u>despondent</u> statements"; "It is a disgrace to *degrade* French WWII war heroes.") (emphasis in original). At other times, Plaintiff appears obsessively focused in a delusionary fashion on celebrities and other public figures. *See, e.g.*, CM/ECF Doc. 29, at 7 (Plaintiff will subpoena President Barack Obama, Vice President Joe Biden, Jr., Oprah Winfrey, and former President Bill Clinton), at 8 (John Elway, Janet Elway), at 42, (Rev. Al Sharpton), and at 43 (U.S. Attorney Eric Holder).

Complicating the entire matter is the fact that Plaintiff defines the Defendants collectively in her Complaint as "Defendant's" and then makes undifferentiated use of "Defendant's" throughout the Complaint. *See, e.g.*, CM/ECF Doc. 29, at p.8 (Defining the Defendants as "Defendant's"; "Plaintiff realized Defendant's were a Fortune 500 company"). As a result, it is impossible to determine which allegations relate to which Defendant. *See*

*Colorado Legal Services v. Legal Aid Nat. Services*, 2009 WL 347500, *3 (D. Colo. Feb. 11, 2009) (attached hereto as Ex. B) (granting motion to dismiss complaint where plaintiffs "couched many of the operative factual allegations in the Complaint in a collective, undifferentiated reference to 'Defendants.'").

Moreover, the Complaint fails to state when Plaintiff was allegedly employed by each of the Defendants. It simply states that she began employment with the "Defendant's on April, 2, 2007." CM/ECF Doc. 29, at 8. Plaintiff's collective reference to the "Defendant's" throughout her Complaint fails to give the Defendants fair notice of the basis of the claims against them.

Finally, Plaintiff combines different claims within her separate claims for relief, making it impossible to understand the exact nature of her claims or the bases for her claims. *See, e.g.*, Fifth Claim For Relief ("Promissory Estoppel & Breach of Contract, 42 U.S.C. § 1985); Eighth Claim For Relief ("Intentional Infliction of Emotional Distress, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988.").

In sum, Plaintiff's allegations fail to meet the standard of Fed. R. Civ. P. 8. The Complaint, therefore, should be dismissed.

### III.     PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

A Title VII plaintiff must exhaust her administrative remedies for each individual discriminatory or retaliatory act. *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) (with respect to ADA claim). Exhaustion of administrative remedies is a "jurisdictional prerequisite to suit." *Jones v. United Parcel Service, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).

Plaintiff contends in her Complaint that she filed a Charge Of Discrimination with the Equal Employment Opportunity Commission on September 15, 2008. CM/ECF Doc. 29, at 6 (citing Exhibit 3 to Complaint). On Exhibit 3, Plaintiff marked the box "Retaliation" as the basis for the alleged discrimination. CM/ECF Doc. 29, Exhibit 3. In her "Discrimination Statement" to the EEOC, Plaintiff fails to claim – or allege facts that support a claim – that she was discriminated against based on her race, color, age, sex, religion, or national origin. *Id*. Nor does she claim that she was discriminated against based on a disability. *Id*. Although Plaintiff alleges that she was subject to "harassment" and a "hostile work environment," she fails to claim that the harassment and hostile work environment were based on her membership in a protected class. *Id*. Under these circumstances, Plaintiff has failed to exhaust her administrative remedies with respect to any claims for discrimination based on race, national origin, sex, or disability. Plaintiff's First, Second, and Ninth claims for relief, therefore, must be dismissed.

In her Charge Of Discrimination, Plaintiff identified "Fiserv ISS" as her employer. *Id*. She did not identify RBH as her alleged employer. *Id*. Because Plaintiff failed to identify RBH, the scope of the administrative investigation could not have reasonably been expected to include RBH. In addition, the current Lincoln entity that Plaintiff has sued was incorporated on November 19, 2009. *See* Articles of Incorporation for a Profit Company, Colorado Secretary of State, ID Number: 20091608886 (attached hereto as Ex. C). Because the current Lincoln entity was not even in existence at the time that Plaintiff filed her Charge Of Discrimination, the scope of the administrative investigation could not have reasonably been expected to include the current Lincoln entity. Plaintiff, therefore, failed to exhaust her administrative remedies with respect to RBH and Lincoln. As a result, her First, Second, Third, and Ninth claims must be dismissed as to RBH and Lincoln.

**IV.     PLAINTIFF HAS SUED ENTITIES THAT ARE NOT REAL PARTIES IN INTEREST.**

As noted above, the current Lincoln entity was not even in existence during the relevant time periods discussed in Plaintiff's Complaint.  Therefore, Lincoln is not a real party in interest in this lawsuit.  In addition, Plaintiff states that TD Ameritrade Online Holdings Corp. ("TDA Online") acquired all of the stock of FTC in February 2008 and is "the successor in interest of FTC and it is responsible for FTC's and FiservISS liabilities."  *See* Title VII Third Amended Complaint, tendered to Court in *Lori L. Park v. TD Ameritrade Trust Company, Inc. et al.*, Case No. 10-cv-00188-PAB-BNB, CM/ECF Doc. 19-1 (relevant portion attached hereto as Ex. D).[1]  Therefore, FTC and Fiserv ISS are not real parties in interest in this lawsuit.[2]

**V.     PLAINTIFF HAS FAILED TO STATE FEDERAL CLAIMS UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiff's Complaint fails to set forth sufficient allegations to state federal claims for relief that are facially plausible.  It is important to note, as a preliminary matter, that because Plaintiff alleges that she filed her Charge Of Discrimination with the EEOC on September 15, 2008,  CM/ECF Doc. 29, at 6, any alleged conduct preceding November 20, 2007 (more than 300 days prior to the EEOC charge) is not actionable.  *See Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006) (Title VII and ADA claims require plaintiff to file timely administrative claim within 300 days of challenged discriminatory action).  In addition, Plaintiff  alleges that she became an employee of TD Ameritrade Trust Company, Inc. "from

---

[1]     Defendants respectfully request the Court to take judicial notice of Plaintiff's tendered Title VII Third Amended Complaint in Case No. 10-cv-00188-PAB-BNB.

[2]     Plaintiff was not employed by Fiserv, Inc., the current Lincoln entity, TIB, or RBH.  However, because this is disputed by Plaintiff, Defendants will address this issue, if necessary, in a motion for summary judgment.

3/17/08 onward." CM/ECF Doc. 29, at 5; *see also id*. at 26 ("On 3/17/08 . . . Plaintiff began work as a Trust Processor/Trader for TD Ameritrade. . . ."). Therefore, any alleged conduct after March 17, 2008 is not actionable as to Defendants.

Plaintiff's First ("Race/National Origin"), Second ("Sex Discrimination"), Third ("Retaliation in Violation of Title VII"), and Ninth ("Americans With Disabilities Act") Claims For Relief require a prima facie showing of an "adverse employment action." *See Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) ("adverse employment action" an element of race discrimination claim); *Orr v. City Of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) ("adverse employment action" necessary for sex discrimination claim); *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006) (adverse employment action necessary for retaliation claim); *Murray v. Sun Microsystems, Inc.*, 2010 WL 2543577, *4 (D. Colo. 2010) (prima facie case under ADA requires showing of "adverse employment action") (attached hereto as Ex. E).

An adverse employment action includes a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) (*quoting Hillig v. Rumsfeld*, 381 F.3d 1028, 1032-33 (10th Cir. 2004)). A "mere inconvenience or an alteration of job responsibilities," is not an adverse employment action. *Hillig*, 381 F.3d at 1031.

In addition, in order to establish a claim for race, national origin, sex, or disability discrimination, a plaintiff must plead sufficient facts to show that either race, national origin, sex, or disability was a motivating factor for the adverse employment action. *See Vialpando v. Johanns*, 619 F. Supp.2d 1107, 1115 (D. Colo. 2008); *see also Person v. White*, 2010 WL

2723210, *4 (E.D.N.Y. 2010) (attached hereto as Ex. F) (dismissing claim where the plaintiff pleaded no facts to suggest that racial or other class-based discriminatory animus behind actions). For an unlawful retaliation claim, a plaintiff must plead sufficient facts to demonstrate a causal connection between a protected activity and the adverse employment action. *See Zokari v. Gates*, 561 F.3d 1076, 1081 (10th Cir. 2009).

Defendants are unable to locate any allegations in Plaintiff's Complaint that support a claim that an adverse employment action was taken against her based on race, national origin, sex, or alleged disability. Nor has Plaintiff made allegations that support a claim that an adverse employment action was taken against her as retaliation for engaging in a protected activity. Plaintiff makes allegations regarding occasional workplace comments and emails that could be deemed offensive, but Defendants are unable to locate any allegations that the alleged statements were directed towards Plaintiff based on her race, national origin, sex, or alleged disability. The alleged statements also do not rise to the level of an adverse employment action.

Plaintiff does claim that her supervisor changed her duties at work, asking her to "perform 3 full-time jobs in 37.5 hours per week." CM/ECF Doc. 29, at 24. She does not claim, however, that the alleged change in her duties was motivated or caused by animus based on her race, national origin, sex, or alleged disability. She also does not claim that the alleged change in her duties was in retaliation for engaging in a protected activity.

Because Plaintiff has failed to make sufficient allegations that an adverse employment action was taken against her for an unlawful purpose, her First, Second, Third, and Ninth Claims For Relief (i.e. all of her federal claims) must be dismissed.

## VI. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

A district court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Habecker v. Town of Estes Park, Colorado*, 452 F. Supp.2d 1113, 1135 (D. Colo. 2006) (refusing to exercise supplemental jurisdiction); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial . . . the state claims should be dismissed as well").

In addition to her federal claims, Plaintiff has asserted six state law claims for relief: Fourth Claim For Relief ("Discriminatory or Unfair Employment Practice Under "CADA" Gender/Gender Plus"); Fifth Claim For Relief ("Promissory Estoppel & Breach of Contract"); Sixth Claim For Relief ("Negligence"); Seventh Claim For Relief ("Outrageous Conduct, Threats & Implied Threats"); Eighth Claim For Relief ("Intentional Infliction of Emotional Distress"); Tenth Claim For Relief ( "Fraud").

Not only should the Court dismiss Plaintiff's federal claims, but it should also decline supplemental jurisdiction over Plaintiff's state law claims. Because this case is at its inception, the values of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction over Plaintiff's remaining state law claims. *See Cleary Building Corp. v. David A. Dame, Inc.,* 674 F. Supp.2d 1257, 1269 (D. Colo. 2009) (declining to exercise supplemental jurisdiction where federal claims dismissed at inception of case).

## CONCLUSION

For these reasons, Defendants respectfully request the Court to dismiss Plaintiff's Complaint.

Dated this 21st day of July, 2010.

        **RECHT & KORNFELD, P.C.**

        *s/ Heather R. Hanneman*
        Heather R. Hanneman
        Richard K. Kornfeld
        1600 Stout St., Suite 1000
        Denver, Colorado 80202
        (303) 573-1900
        (303) 446-9400 (fax)
        heather@rechtkornfeld.com

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2010, I served the foregoing **Defendants' Motion To Dismiss And Brief In Support Thereof** to the following by email and United States Mail, postage prepaid:

Lori L. Park
1120 32nd Street, Unit 101
Denver, CO 80205

*s/ Heather R. Hanneman*