IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00189-PAB-CBS

LORI L. PARK,

    Plaintiff,

v.

FISERV TRUST COMPANY,
FISERVISS,
FISERV INC.,
LINCOLN TRUST COMPANY,
TRUST INDUSTRIAL BANK HOLDINGS, INC., and
ROBERT BERIAULT HOLDINGS, INC.,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 53] filed on September 30, 2010. Magistrate Judge Craig B. Shaffer recommends that defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) [Docket No. 38] be granted. Plaintiff filed objections to the Recommendation [Docket No. 62].

As an initial matter, plaintiff's objections, submitted in a two parts, violate the page limitations set forth in Section III.A. of this Court's Practice Standards.[1] That

---

[1]After filing her objections, plaintiff also filed documents entitled "Notice to the Court. Evidence for Court - Letter to FBI - Madoff Matters Arrests" [Docket No. 63] and "Notice to the Court of Evidence. Letter to President Obama, U.S. Senators, House of Representatives, Columbine, Oklahoma City, & 9-11-01 Victims Families & Friends" [Docket No. 64].

failure to comply is a sufficient basis to strike plaintiff's objections. The Court, however, will consider the substance of her objections and, pursuant to Federal Rule of Civil Procedure 72(b)(3), will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. While the Court must review plaintiff's filings liberally, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

In her "Title VII 3rd Amended Complaint" [Docket No. 29], plaintiff asserts ten claims for relief. Her federal claims invoke Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101-12213; and Sections 1981, 1983, 1985, 1986, and 1988 of Title 42 of the United States Code. Plaintiff also raises claims arising under state law.

The Recommendation found that plaintiff failed to exhaust her administrative remedies in regard to her claims of race, national origin and gender discrimination pursuant to Title VII and disability discrimination pursuant to the ADA. In the Tenth Circuit, "[e]xhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII," *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (quoting *Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir. 1980)); *see DeWalt v. Meredith Corp.*, 288 F. App'x 484, 490 (10th Cir. 2008) (unpublished) ("Failure to exhaust administrative remedies . . . is a jurisdictional bar to suit."), and the Title I of the ADA. *Jones v. United Parcel Service, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007). "[B]ecause failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the

burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that she did exhaust." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002). In her objection to the Recommendation, plaintiff contends that she exhausted her administrative remedies by filing her September 15, 2008 Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). *See* Docket No. 62 at 16.[2]

Plaintiffs are permitted to maintain claims that "can reasonably be expected to follow the charge of discrimination." *Jones*, 502 F.3d at 1187 (quotation omitted). Here, the Court, having "liberally construe[d] [the] charge[] filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim," *id.* at 1186, finds that the substance of plaintiff's EEOC Charge is limited to her claims of retaliation and hostile work environment. *See* Docket No. 29-3 at 2-3.[3]

Plaintiff contends that, in completing her EEOC Charge, an intake worker with the EEOC made the decision to check the "retaliation" box on the Charge. *See* Docket No. 62 at 5. The checked box is not the sole basis, however, for the Court finding a failure to exhaust her other claims for relief. Rather, as noted above, the narrative

---

[2]The Recommendation also found that only conduct after November 20, 2007, which was three hundred days prior to the filing of her EEOC Charge, is actionable. *See* Docket No. 53 at 10 (citing *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006). Plaintiff requests that the time period for exhausting her administrative remedies be tolled. *See* Docket No. 48 at 13-16; Docket No. 62 at 12, ¶ 43. While failure to exhaust implicates the Court's jurisdiction, the timeliness of exhaustion does not. *De Walt*, 288 F. App'x at 490. Even if the Court assumes that tolling would be appropriate in this case, plaintiff fails to identify conduct predating November 20, 2007 that would alter the outcome in this case.

[3]Furthermore, as the Recommendation correctly concluded, plaintiff only identified "Fiserv ISS" as her employer. *See* Docket No. 29-3 at 2.

3

description provided by plaintiff in her Charge focuses on retaliation and hostile work environment. Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court will dismiss plaintiff's unexhausted claims for race, national origin, sex, and disability discrimination for lack of subject matter jurisdiction.

Turning to the allegations of plaintiff's complaint regarding retaliation and hostile work environment, the Court finds that plaintiff has failed to state a claim for which relief can be granted.[4] As the Recommendation points out, plaintiff's complaint "consists of 60 pages, 176 numbered paragraphs, and over 65 pages of attached exhibits," with a recitation of "every perceived slight that she experienced in the workplace" in a "level of detail, irrelevancies, and repetition," Docket No. 53 at 8, that attempts, through pure volume, to assert claims for relief against the named defendants. What is clear from plaintiff's complaint is that she disapproved of certain conduct she witnessed and experienced. Her allegations, however, do not reveal any adverse employment action during the relevant period that would support her claim for retaliation, *see Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007), or "facts indicating a workplace 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Mitchell v. City and County of Denver*, 112 F. App'x 662, 668

---

[4]"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted).

(10th Cir. 2004) (quoting *Davis v. United States Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (quotation omitted)).[5]  In her objection, plaintiff contends that her factual allegations have been rejected and that she has not been afforded an opportunity to have them considered.  See Docket No. 62 at 2.  Such is not the case.  Rather, as the Recommendation correctly found, the facts alleged simply do not state an actionable claim for relief.[6]

Plaintiff argues that, "[a]t a minimum, [she] should be permitted to amend her complaint to cure the allegations construed as deficient by the Magistrate Judge rather than disposing of her entire case."  Docket No. 62 at 3.  The Local Rules in this District are clear that a motion "shall be made in a separate paper." D.C.COLO.LCivR 7.1.C.  No motion to amend is pending before the Court.  See *Calderon v. Kansas Dep't of Social and Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion.").  Even if the Court were to excuse that failure, nothing in plaintiff's already-amended complaint or her objections to the Recommendation persuade the Court that she would be able to

---

[5]The Court "consider[s] the work atmosphere both objectively and subjectively, looking at all the circumstances from the perspective of a reasonable person in the plaintiff's position." *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007).

[6]Plaintiff also cites numerous other federal statutes in her complaint.  The Court concurs with the Recommendation that "mere recitation of numerous statutes is insufficient to state a claim for relief."  Docket No. 53 at 12.  Furthermore, plaintiff objects to the recommendation that defendants Fiserv Trust Company, Fiserviss, and Lincoln Trust Company be dismissed from this action because they are not real parties in interest.  Because plaintiff has failed to allege facts supporting a viable claim for relief against any of the named defendants, the Court need not reach that issue.

5

state a viable claim for relief. See Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (denying a request of leave to amend is justified "upon a showing of . . . futility of amendment").

Finally, plaintiff has also brought claims arising under state law. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over those claims, but "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss plaintiff's federal claims, it will decline to exercise supplemental jurisdiction over the state law causes of action.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 53] is ACCEPTED. It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 38] is GRANTED. All of plaintiff's claims are dismissed, and judgment shall enter in favor of defendants and against plaintiff.

DATED December 7, 2010.

            BY THE COURT:

            s/Philip A. Brimmer
            PHILIP A. BRIMMER
            United States District Judge