IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00189-PAB-CBS

LORI L. PARK,
    Plaintiff,
v.

FISERV TRUST COMPANY,
FISERV ISS,
FISERV, INC.,
LINCOLN TRUST COMPANY,
TRUST INDUSTRIAL BANK HOLDINGS, INC., and
ROBERT BERIAULT HOLDINGS, INC.,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[1]
---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Ms. Park's "Motion to Enlarge Time to Accept Appeal Notice" (filed February 4, 2011) (Doc. # 74). Pursuant to the Order of Reference dated February 1, 2010 (doc. # 3) and the memorandum dated February 9, 2011 (doc. # 76), this matter was referred to the Magistrate Judge. The court has reviewed the matter, the entire case file, and the applicable law and is sufficiently

---

    [1] As "[a] district court's order denying a motion to extend the time for filing a notice of appeal is itself an appealable final judgment, . . ." *Bishop*, 371 F.3d at 1206, the Magistrate Judge issues this Recommendation. *See Rogalski v. Pramstaller*, 2009 WL 1788597 (W.D Mich. 2009) (issuing Recommendation on determination whether plaintiff should be granted extension of time to file late notice of appeal under Fed. R. App. P. 4(a)(5)); *Daniels v. Keith*, 2007 WL 1821401 (W.D. Ark. 2007) (Recommendation issued on motion for extension of time to file notice of appeal under Fed. R. App. P. 4(a)(5)). (Copies of unpublished decisions cited are attached to this Recommendation).

advised in the premises.

Ms. Park seeks an extension of time to file her notice of appeal of the court's December 7, 2010 Order and December 9, 2010 Judgment dismissing this civil action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (*See* Docs. # 68 and # 69). Under Fed. R. App. P. 4(a)(1), Ms. Park's notice of appeal must be filed within 30 days of entry of the judgment from which appeal is taken. This requirement is "mandatory and jurisdictional." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (*per curiam*) (internal quotes omitted); *Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 264 (1978). The Court of Appeals has no authority to extend the time for filing a notice of appeal. *See* Fed. R. App. P. 26(b).

The district court has the power, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal if the motion for such an extension is filed not later than 30 days after the expiration of the time provided by Rule 4(a)(1). *See* Fed. R. App. P. 4(a)(5); *Alva v. Teen Help*, 469 F.3d 946 (2006). The district court lacks jurisdiction under Rule 4(a)(5) to grant a motion that is filed beyond the 30-day extension period. *See e.g.*, *Melton v. Frank*, 891 F.2d 1054, 1056 (2d Cir.1989) ("If . . . the motion to extend is not filed within subdivision (a)(5)' s grace period, the district court is without power to grant an extension.").

The District Court entered its Judgment dismissing this civil action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) on December 9, 2010. (*See* Doc. # 69). Ms. Park filed her Motion on February 4, 2011, more than 30 days after entry of the judgment but less than 30 days after the expiration of the extension period

2

provided by Rule 4(a)(1). Ms. Park represents that her medical condition between December 28, 2010 and February 4, 2011 constitutes excusable and/or good cause to warrant an extension to file an appeal.

The factors relevant to determining whether Ms. Park demonstrates excusable neglect justifying an extension of time include: "(I) the danger of prejudice to the non-movant; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was in the reasonable control of the movant; and (iv) whether the movant acted in good faith." *Magraff v. Lowes HIW, Inc.*, 217 Fed. Appx. 759, 760-61, 2007 WL 521179, *2 (10th Cir. Feb. 21, 2007) (citing *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004)). The Tenth Circuit Court of Appeals has held that the third factor is "perhaps the most important single factor." *Id.* "The time for taking an appeal should not be extended in the absence of circumstances that are unique and extraordinary." *Bishop*, 371 F.3d at 1206-07 (citation omitted).

The alternative justification of good cause under Rule 4(a)(5) is a more narrow standard, employed where "a traditional excusable neglect analysis would be inapposite." *Bishop*, 371 F.3d at 1207 (internal quotation marks and citation omitted). Good cause arises where there is no fault, excusable or otherwise, to be assessed, and the need for an extension results from forces outside the control of the movant. *Id.*

The court concludes that Ms. Park has not established excusable neglect or good cause for an extension of time to file an appeal. First, Ms. Park failed to comply with D.C.COLO.LCivR 7.1, which provides that:

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

Ms. Park contends that she "made good faith efforts to confer for the Motion filed 2/18/11 . . . ." (*See* Doc. # 85 at p. 2 of 6). Ms. Park "asks the Court to accept her attempts to confer as timely on 2/18/11 and allow this Plaintiff to proceed on Appeal . . . ." (*Id.*). However, Ms. Park's Motion was filed on February 4, 2011 without compliance with Local Rule 7.1. (*See* Doc. # 74).

Second, in its February 9, 2011 Order Denying Leave To Proceed On Appeal Pursuant To 28 U.S.C. § 1915 And Fed. R. App. P. 24, the District Judge determined that Ms. Park's appeal is not taken in good faith because she has "not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." (*See* Doc. # 75). Based on this determination, Ms. Park's requested extension is not made in good faith. This determination also supports a finding that the requested extension will prejudice Defendants by requiring them to expend time and resources to respond to an appeal that has not been taken in good faith.

Third, the length of the delay and its potential impact on judicial proceedings does not appear particularly significant in this case. Fourth, the court considers the reason for the delay, including whether it was in the reasonable control of the movant. Ms. Park understood on December 7, 2010 that the case was closed and that "an

4

Appeal was the next step." (*See* Doc. # 80 at p. 2 of 6 ¶ 2). On December 9, 2010, Ms. Park notified Defendants that she intended to appeal the judgment. (*See* Doc. # 84 at p. 4 of 4; Doc. # 85 at p. 5 of 6; Doc. # 80 at ¶ 9; doc. # 79 at p. 7 of 24). Ms. Park alleges that on or about December 28, 2010, she was ill with a rash, swelling, and hives. (*See* Doc. # 74 at pp. 2-4, 8 of 17; Doc. # 79 at p. 3 of 24). She alleges that she received medication for the hives on or about December 30, 2010. (*See id.* at p. 3 of 24). She alleges that she has been heavily medicated since that time and experienced "drug induced sleep" due to the combined medications for her hives and other medical problems.

Ms. Park has not alleged or shown that she was medically incapacitated or otherwise unable to file a timely notice of appeal during the entire time period in which her appeal could have been filed. She has not alleged or shown that she was incapacitated between the date of the December 9, 2010 Judgment dismissing her claims and December 28, 2010. *See Gibbons v. United States*, 317 F.3d 852, 855 (8th Cir. 2003) ("the fact that counsel became ill does not excuse the period of time when she was not ill") (internal quotation marks omitted); *Magraff*, 217 Fed. Appx. at 761 (affirming district court's denial of extension of time, finding that "[t]he record does not show that counsel was ill for the entire period during which the appeal could have been filed."). Nor does she allege that she was continually incapacitated or physically unable to file her notice of appeal after starting on medication for hives. A "notice of appeal required by Fed. R. App. P. 3(c) is a simple document to prepare, . . ." *Magraff*, 217 Fed. Appx. at 761. (*See, e.g.*, Notice of Appeal filed by Ms. Park on February 3, 2011

5

(Doc. # 70) (illustrating brevity of Notice)). Ms. Park was able to file her Notice of Appeal on February 3, 2011, despite continuing hives on 40% of her body. (*See* Doc. # 74 at p. 3 of 17). The court also notes that while Ms. Park alleges that being "heavily medicated" excuses her failure to file a timely notice of appeal, she explains that she grossly exceeded the recommended dosage of the medication prescribed to her. (*See* Doc. # 74 at p. 2 of 17 (stating that she took a 30-day supply of a steroid in just 8 days); Doc. # 79 at pp. 3, 5 of 24 (same)).

Applied to the circumstances of this case, the majority of the factors weighs against granting Ms. Park an extension of time to file a notice of appeal based on excusable neglect or good cause. Ms. Park has not established the requisite excusable neglect or good cause for an extension under Fed. R. App. P. 4(a)(5)(A).

Accordingly, IT IS RECOMMENDED that Ms. Park's "Motion to Enlarge Time to Accept Appeal Notice" (filed February 4, 2011) (Doc. # 74) be DENIED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both

6

timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 1st day of March, 2011.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge