IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00189-PAB-CBS

LORI L. PARK,

    Plaintiff,

v.

FISERV TRUST COMPANY,
FISERVISS,
FISERV INC.,
LINCOLN TRUST COMPANY,
TRUST INDUSTRIAL BANK HOLDINGS, INC., and
ROBERT BERIAULT HOLDINGS, INC.,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 86] filed on March 1, 2011. Magistrate Judge Craig B. Shaffer recommends that the Court deny plaintiff's "Motion to Enlarge Time to Accept Appeal Notice" [Docket No. 74]. Plaintiff has filed objections to the Recommendation [Docket Nos. 89, 90]. The Court, therefore, "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3), and reviews the pro se plaintiff's filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On December 7, 2010, the Court dismissed plaintiff's case. *See* Docket No. 68. Judgment entered on December 9, 2010, *see* Docket No. 69, thus commencing the 30

day period during which an appeal may be taken. *See* Fed. R. App. P. 4(a)(1)(A). Plaintiff failed to file a timely Notice of Appeal. On February 4, 2011, she filed the present motion seeking an enlargement of time to file her Notice of Appeal.

> Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), [t]he district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Here, plaintiff's motion complied with the deadline set by Rule 4(a)(5)(A)(i).

The only issue before the Court is whether plaintiff has shown "excusable neglect or good cause" for her failure to file a timely Notice of Appeal. Rule 4(a)(5)(A)(ii) identifies two "'different domains'" which are "not interchangeable, and one is not inclusive of the other." Fed. R. App. P. 4(a)(5)(A)(ii), advisory cmt. notes (2002 amendments). The domains are distinguished as follows:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

*Id.* Plaintiff invokes the good cause aspect of Rule 4(a)(5)(A)(ii), arguing that her notice of appeal was filed late for reasons not in her control. The reason described by plaintiff involves significant physical and mental health deterioration beginning in late December 2010 and continuing at least until the middle of January 2011.

While plaintiff's health condition was not within her control, she has failed to show that it prevented her from filing her Notice of Appeal. The Court sympathizes with

day period during which an appeal may be taken. *See* Fed. R. App. P. 4(a)(1)(A). Plaintiff failed to file a timely Notice of Appeal. On February 4, 2011, she filed the present motion seeking an enlargement of time to file her Notice of Appeal.

> Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), [t]he district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Here, plaintiff's motion complied with the deadline set by Rule 4(a)(5)(A)(i).

The only issue before the Court is whether plaintiff has shown "excusable neglect or good cause" for her failure to file a timely Notice of Appeal. Rule 4(a)(5)(A)(ii) identifies two "'different domains'" which are "not interchangeable, and one is not inclusive of the other." Fed. R. App. P. 4(a)(5)(A)(ii), advisory cmt. notes (2002 amendments). The domains are distinguished as follows:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

*Id.* Plaintiff invokes the good cause aspect of Rule 4(a)(5)(A)(ii), arguing that her notice of appeal was filed late for reasons not in her control. The reason described by plaintiff involves significant physical and mental health deterioration beginning in late December 2010 and continuing at least until the middle of January 2011.

While plaintiff's health condition was not within her control, she has failed to show that it prevented her from filing her Notice of Appeal. The Court sympathizes with

the difficult health situation plaintiff faces; however, her filings reveal that she was unimpeded from filing a Notice of Appeal between December 9, 2010 and the deterioration of her health "shortly before Christmas 2010." Docket No. 79 at 3; *cf. United States v. Andrews*, 790 F.2d 803, 807 (10th Cir. 1986) (concluding that the incarcerated appellant, whose significant illness was present throughout the time to appeal, had established excusable neglect in a case where he timely "indicated to the court that he wanted to appeal but did not know how"). Although she now argues that filing a Notice of Appeal would have required the use of an ambulance, *see* Docket No. 90 at 2-3, she drove to medical appointments and initiated a new civil action on December 27, 2010 with the filing of a 22-page complaint. *See* Civil Action. No. 10-cv-03136-ZLW, Docket No. 1. Under such circumstances, the Court finds that plaintiff has not demonstrated that there is good cause to extend the deadline. In other words, this case is not within the "narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite." *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (citation and quotation marks omitted).

And, for the reasons stated in the Recommendation, the Court finds that plaintiff has not shown excusable neglect justifying an extension of the deadline to appeal. *See id.* at 1206-07 ("The factors relevant to an excusable-neglect decision include the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. The time for taking an appeal should not be extended in the absence of circumstances that

are unique and extraordinary.") (citations, alteration, and quotation marks omitted). In particular, plaintiff has not shown a valid reason for the delay, which is "perhaps the most important single factor." *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 86] is ACCEPTED. It is further

**ORDERED** that plaintiff's "Motion to Enlarge Time to Accept Appeal Notice" [Docket No. 74] is DENIED.

DATED May 3, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge