IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00189-PAB-CBS

LORI L. PARK,

    Plaintiff,

v.

FISERV TRUST COMPANY,
FISERVISS,
FISERV INC.,
LINCOLN TRUST COMPANY,
TRUST INDUSTRIAL BANK HOLDINGS, INC., and
ROBERT BERIAULT HOLDINGS, INC.,

    Defendants.

---

## ORDER

---

This matter is before the Court on plaintiff's "Motion for Relief from Final Judgment and Request for New Proceeding/Trial" [Docket No. 98] pursuant to Fed. R. Civ. P. 60(b), filed on May 19, 2011.  On May 23, 2011, plaintiff filed a "Status Update to Court" [Docket No. 99] which supplements her Rule 60(b) motion.  In light of plaintiff's pro se status, the Court construes her filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In her "Title VII 3rd Amended Complaint" [Docket No. 29], plaintiff asserted ten claims for relief, invoking Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101-12213; and Sections 1981, 1983, 1985, 1986, and 1988 of Title 42 of the United States Code.  Plaintiff also raises claims arising under state law.  On December 7, 2010, the Court

found that plaintiff had failed to exhaust her administrative remedies in regard to her claims of race, national origin and gender discrimination pursuant to Title VII and disability discrimination pursuant to the ADA and had failed to state a claim for retaliation or hostile work environment.  *See* Docket No. 68 at 2-5.  The Court declined to exercise supplemental jurisdiction over plaintiff's state law claims and ordered that defendants' motion to dismiss be granted.  *See id.* at 6.  On December 9, 2010, judgment entered in favor of defendants and against plaintiff pursuant to the Court's December 7 Order.  *See* Docket No. 69.

Plaintiff now seeks relief from the aforementioned order and judgment pursuant to Fed. R. Civ. P. 60(b).  Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Plaintiff does not identify which subsection or subsections of Rule 60 upon which she relies.  Her arguments do not appear to implicate any of the grounds in Rule

60(b)(1) through (b)(5).  Moreover, unsubstantiated allegations regarding the judicial officers assigned to this matter do not justify relief pursuant to Rule 60(b)(6).[1]

Therefore, it is

**ORDERED** that plaintiff's "Motion for Relief from Final Judgment and Request for New Proceeding/Trial" [Docket No. 98] pursuant to Fed. R. Civ. P. 60(b) is DENIED.

DATED October 27, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] Plaintiff stated that she would provide "[m]ore facts" by May 23, 2011.  Docket No. 98 at 2, ¶ 4.  In none of her subsequent filings has plaintiff provided any substantiation for her allegations regarding conduct by the judicial officers assigned to this case.